SAVOY, Judge.
This is a suit in workmen’s compensation for total permanent disability, medical expenses, penalties and attorneys’ fees; plaintiff’s petition alleging that he was injured on or about May 31, 1961, when he fell about ten (10) feet from a building on which he was working, striking his head; and further alleging that defendants arbitrarily withheld payment of compensation benefits to him.
Defendants answered plaintiff’s petition admitting the accident and the hazardous nature of the business, and denying that plaintiff was disabled beyond September 13, 1961, the date through which plaintiff had been paid compensation benefits of $35.00 per week and medical expenses.
Four (4) days prior to trial, defendants filed a motion seeking to compel plaintiff to submit to medical examination by Dr. Irving Singer of Lake Charles, Louisiana, which motion was opposed by plaintiff.
Upon trial on the merits, after first hearing and denying the aforesaid motion, the *723 district court gave judgment in favor of plaintiff for workmen’s compensation benefits as for total, permanent disability and denying his claim for penalties and attorneys’ fees, from which judgment plaintiff appealed devolutively.
Defendants then filed a motion for a new trial, alleging that the evidence shows no causal connection between plaintiff’s accident and his physical condition as of the time of the trial; that the court should have compelled plaintiff to be examined by Dr. Singer; and, that the case should have been held open for further testimony by Dr. George Anderson of Lake Charles, Louisiana. Upon hearing, the motion was denied. Defendants have appealed devolu-tively and suspensively.
Plaintiff’s total disability as of the time of trial is not contested. Therefore, the issues before us are: causal relationship; new trial; and, penalties and attorneys’ fees.
CAUSAL RELATIONSHIP AND NEW TRIAL
Immediately following plaintiff’s accident, and until September 12, 1961, he was treated by Dr. Hubert C. Owen, Jr., a general practitioner. On July 24, 1961, plaintiff was referred for examination by Dr. Owen to Dr. Edmond C. Campbell, an orthopedic specialist. Based on the findings of these two (2) doctors, plaintiff was discharged on September 13, 1961, as able to return to work. During that interval of time, plaintiff’s complaints were confined to his neck and head.
In June of 1962, plaintiff was re-examined by Dr. Campbell and was also examined by Dr. Charles V. Hatchette, an orthopedic specialist. At that time, both of those doctors found plaintiff to be totally disabled, and, in addition to the complaints referable to his head and neck, that he was also suffering pain and limitation of motion in his right hand, left elbow, left knee and jaw, which had developed some five (5) months previously. His condition was diagnosed as rheumatoid arthritis, a systemic disease which is progressive and which can affect various parts of the body. Both doctors felt that the condition in plaintiff pre-existed the accident. While there was some question in their minds whether the disability as related to his jaw and extremities was causally connected to the accident, they both felt that disability as related to the neck and head had been aggravated by the accident; Dr. Hatchette feeling that it was the one most disabling factor.
On Dr. Campbell’s recommendation,, plaintiff was thereafter referred for examination to Dr. George Anderson, a specialist in internal medicine, who examined plaintiff on July 16, 1962, and found him to be totally disabled for the same reasons as did Drs. Campbell and Hatchette. He felt further that there was a causal relationship between the condition and the accident.
Subsequent to Dr. Anderson’s examination (the exact date not being reflected by the record), Dr. Irving Singer, a specialist in internal medicine, reviewed plaintiff’s medical reports and history. He did not examine plaintiff, as heretofore explained. He testified, however, that, in his opinion,, the time factor is exceedingly important in the causal relationship between trauma and a flareup in rheumatoid arthritis; that the symptoms generally occur at the same time as a trauma; and, that if plaintiff’s additional complaints did not occur until1 about five (5) months prior to June, 1962,, some seven (7) months following the accident, it was not likely there was a causal connection.
It should be noted that defendants’ motion for a new trial was based, in part, on their assertion that Dr. Anderson was unaware of the seven (7) months time lag at the time he examined plaintiff, and would1 presumably have changed his opinion with regard to causal connection.
It should also be noted that, among the testifying doctors, the weight of opinion *724 was that a specialist in internal medicine is best qualified to determine the question of casual relationship in this type situation. Without exception, the doctors agreed that the cause of the disease and its aggravation by outside factors were very complicated medical questions.
However, there would, in any event, remain a conflict of medical opinion in that both Drs. Campbell and Hatchette felt that plaintiff’s troubles as related to his neck and head were, in fact, aggravated by the accident; with Dr. Hatchette feeling that the same was the principal cause of disability.
Additionally, the lay testimony of six (6) witnesses, including plaintiff’s wife, substantiates plaintiff’s good work record prior to the time of the accident. It is not to be overlooked, we think, that plaintiff, age forty-three (43) and the father of ten (10) children, had been working as a laborer all his adult life and had been a steady worker with no history of disability or inability to work and support his family.
All of the circumstances considered, this Court is of the opinion that the preponderance of the evidence favors plaintiff. We find no manifest error in the district court’s findings as to causation or in its refusal to grant a new trial or hold the case open for further medical testimony.
PENALTIES AND ATTORNEYS’ FEES
In his plea of penalties and attorneys’ fees, plaintiff claims that the June and July, 1962, reports of Drs. Hatchette and Campbell, which preceded trial by more than sixty (60) days, brought about liability under LSA-R.S. 22:658. (Trial was held on October 9, 1962.)
The district judge, in his written opinion, stated:
"This court concludes that defendant was not arbitrary in its refusal to pay compensation after receiving the June and July reports. The defendant, upon suggestion of Dr. Campbell, had plaintiff examined by Dr. Anderson and his conclusion was not made known to defendant until shortly before trial. Under these circumstances, this court finds that defendant was not arbitrary and capricious nor was it derelict in pursuing the medical study of this plaintiff. Thus, penalties and attorneys’ fees shall be denied.”
Additionally, it must be noted that the medical evidence in this case shows that there was a definite question of causal relationship.
Under the circumstances, we do not feel that the defendant-insurer acted arbitrarily or capriciously. Tullier v. Ocean Accident and Guarantee Corp., (Sup.Ct., 1963) 243 La. 921, 148 So.2d 601.
For the reasons assigned, the judgment of the district court is affirmed. All costs in this Court are assessed against defendants-appellants.
Affirmed.